# **KAKAR, P.C.**

Sumeer Kakar, Esq.
Kalpana Nagampalli, Esq.
525 Seventh Avenue
Suite 1810
New York, NY 10018
Phone: 212-704-2014
sk@kakarlaw.net
kalpana@kakarlaw.net

**June 10, 2021**

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007
212-805-0268

Re: <u>Vahan v. Lustour, Inc., 21-cv-1959 (PAE)</u>
Request for Extension to File Responsive Papers

Dear Judge Engelmayer:

We represent Plaintiff Alwand Vahan Jewelry, Ltd. ("Vahan") in above-referenced action, and write with respect to the unavoidable and unexpected delay in filing Vahan's Second Amended Complaint ("SAC") in response to Defendant Lustour, Inc. d/b/a Piyaro's ("Defendant") Motion to Dismiss the operative Complaint. The SAC was Ordered to be filed by June 9, 2021 (D.E. No. 15), and the undersigned seeks a modest unprejudicial two-day extension till June 11, 2021. This is Plaintiff's first request for extension of any kind.

First, the undersigned regrets that we have to seek permission from the Court one-day past the Ordered due date of June 9, 2021. The unexpected delay was caused due to the undersigned's requirement to travel and quarantine before reentry to the United States—the undersigned is currently stationed overseas awaiting reentry into the United States. As a domino, this has created a compression and displacement of practice requirements for my colleague, Sumeer Kakar. Then, in addition to the unexpected obligations created by my predicament, Mr. Kakar recently experienced a death in his family coupled with immediate out of State travel plans this week. This left the undersigned and Mr. Kakar with limited access to the necessary documents and drafts to file the SAC by June 9, 2021.

Mr. Kakar is returning to the office on June 11, 2021, and has full intention of filing the draft SAC, as afforded to the Plaintiff, by the Court's Order and Federal Rule 15(a)(1)(B). As such the undersigned requests the instant first time modest two-day extension. The Defendant has not consented to this request; despite it having no prejudicial bearing on the instant action—which is in its infancy.

In further detail of the underlying reasons wholistically causing the concerned delay, in the past few days, I took a long journey from India to Mexico to quarantine for 14 days before returning to the United States. Due to my unavailability (coupled with my colleague), I could not file the response yesterday. In April 2021, I traveled to India to assist my mother for a medical matter. Within days of my arrival in India, the Covid-19 spread spiked at a devastating rate that led to closures and issuance of an Order banning return to the United States for people who have been in India in for a certain time. Due to closures of the U.S. Consulates, my emergency request to travel to return to New York fell short. I could not board a flight to get back to New York despite being fully vaccinated.

During this time, Sumeer Kakar has been working with all my direct contacts and matters, managing my specific matters and my work responsibilities in New York on a day-to-day basis—in addition to his own schedule. While earlier this week Mr. Kakar prepared a draft of Plaintiff's responsive papers (including, *inter alia*, gathering new information and coordinating with the Plaintiff) he had to travel out-of-state unexpectedly. Due to the sudden nature of his travel, Mr. Kakar could not access the required documents to file Plaintiff's response by June 9, 2021.

We reached out to Defendant's early in the morning to inform them of the reason for delay and to ask for consent for a modest two-day extension but due to the adversarial nature of this matter, by this afternoon, Defendant denied our request to stipulate to a two-day extension. In this nascent stage, there is no prejudice, undue, or bad faith delay. Moreover, Plaintiff's right to amend in the face of a motion to dismiss, in addition to the Court's Order, is grounded in Federal Rule 15(a). We are doing our utmost to immediately file Plaintiff's response as soon as possible. On the other hand, a denial of Plaintiff's request for extension will prejudice Plaintiff in pursuing this action in the Court where it was brought and belongs. We anticipate filing Plaintiff's SAC as early as late tonight, but no later than tomorrow.

In light of the above, we respectfully request the Court to grant permission to Vahan to file Plaintiff's SAC by June 11, 2021. We thank the Court in advance for its time and consideration.

Respectfully submitted,

KAKAR, P.C.
/s/Kalpana Nagampalli
Sumeer Kakar, Esq.
Kalpana Nagampalli, Esq.

The Court grants the two-day extension requested by plaintiff. However, in the future, such requests are to be made before expiration of the deadline, and are to preceded by a meet and confer with opposing counsel in which opposing counsel is given the full range of information it reasonably requests bearing on the need for the extension.
SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
6/14/2021