UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALWAND VAHAN JEWELRY, LTD.,

                                        Plaintiff,

-v-

LUSTOUR, INC. D/B/A/ PIYARO and DOES 1-10,

                                       Defendants.

21 Civ. 1959 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Alwand Vahan Jewelry Ltd. ("Vahan") alleges federal copyright and trademark infringement, and brings state law claims based on the alleged similarity of defendant Lustour Inc.'s ("Lustour") jewelry designs to its own. For the reasons that follow, the Court grants the defendants' motion to dismiss for lack of personal jurisdiction.

## I.   Background[1]

### A.   Factual Background

Vahan is a New York based jewelry designer and dealer. SAC at 1. Its jewelry designs include a three-dimensional petal motif, which it has proprietary and exclusive rights to sell. *Id.*

---

[1] The following factual account draws primarily from the Second Amended Complaint ("SAC"), Dkt. 23. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). The Court also considers documents filed in support of Lustour, Inc.'s ("Lustour") briefs in support of its motion to dismiss, specifically the declaration of Lustour's counsel, Pia Aiya, Dkt. 27-1 ("Aiya Decl."). *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise."); *Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002), *reconsideration denied*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, federal courts may look outside [the] pleadings to other evidence in the record" and therefore the court will consider "material outside of the pleadings." (citation and quotation omitted)).

The SAC alleges that Vahan holds copyright registrations issued by the United States Copyright Office for its designs, including U.S. Copyright Registration Nos. VA 1-848-431, VAu-1-237-629, and VAu-1-307-617, which were issued for the designs at issue in this litigation. *Id.* ¶ 12. Vahan also claims trade dress rights in these designs. *Id.* ¶ 29.

Vahan's designs and advertising are available on Vahan's websites, as well as through other magazines and marketing outlets. *Id.* ¶ 30. But, the SAC alleges, Vahan's advertising "has been misappropriated" by Lustour, a Georgia corporation that supplies wholesale jewelry products. *Id.* ¶¶ 1, 30. The SAC pleads that Lustour "is purchasing, distributing, importing, advertising, and selling for profit jewelry that infringed the Subject Design." *Id.* ¶ 42. It alleges that Lustour willfully and intentionally infringed Vahan's copyright and trade dress. *Id.* ¶¶ 49, 50.

The SAC also alleges that Lustour has had notice of this intentional infringement but has not ceased its actions. *Id.* ¶ 54. Instead, Lustour has continued to infringe, and its "use of a copy or colorable imitation" of the Vahan design is likely to have a damaging effect on Vahan's intellectual property rights. *Id.* ¶ 58.

### B. Procedural History

On March 5, 2021, Vahan filed the initial complaint, seeking injunctive relief and damages for copyright and related infringement of its jewelry designs. Dkt. 1. On March 23, 2021, Vahan filed its First Amended Complaint ("FAC"). Dkt. 6. On May 18, 2021, Lustour filed a motion to dismiss the FAC. Dkt. 12. It argued that the Court lacked personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), because the FAC did not set out statutory or constitutional bases for conferring jurisdiction.

On May 19, 2021 the Court issued an order, which, *inter alia*, gave Vahan until June 9, 2021 to file an amended complaint in response to the motion to dismiss. Dkt. 15. On June 10,

2021, a day after that deadline, Vahan filed a letter motion for a *nunc pro tunc* extension of time to file a Second Amended Complaint ("SAC"). Dkt. 19. The Court granted that motion. Dkt. 22. On June 15, 2021, Vahan filed the SAC, which today is the operative complaint. Dkt. 23. The SAC brings five claims under the Copyright Act of 1976, Title 17 U.S.C., §101 et seq., the Trademark Act of 1946, Title 15 U.S.C. § 1114, et seq., and New York State law for copyright infringement, vicarious copyright infringement, contributory copyright infringement, trade dress infringement, and unfair competition.

On June 30, 2021, Lustour filed a motion to dismiss the SAC, Dkt. 24, and a supporting memorandum of law, Dkt. 24-1 ("Def. Mem."). Lustour again argued that personal jurisdiction was lacking. On July 15, 2021, Vahan filed an opposition. Dkt. 25 ("Opp'n"). On July 21, 2021, Lustour filed a reply, Dkt. 27 ("Reply"), and a supporting declaration of counsel Pia Aiya, Esq., Aiya Decl.

## II. Applicable Legal Standards: Personal Jurisdiction

### A. Requirements

There are three requirements for a federal court to lawfully exercise personal jurisdiction. "First, the plaintiff's service of process upon the defendant must have been procedurally proper." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). Second, "there must be a statutory basis for personal jurisdiction that renders such service of process effective." *Id.* Third, "an exercise of jurisdiction under these laws [must be] consistent with federal due process requirements." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

#### 1. Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v.*

3

*Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quotation omitted).  Federal Rule of Civil Procedure 4 governs the content, issuance, and service of a summons.  *Id.*  Under Rule 4(h), unless federal law provides otherwise or the defendant has filed a waiver of service, a corporation must be served in one of two ways.  It may be served "in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1).  Or, it may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).

### 2. Statutory Basis

A court must also have a statutory basis for asserting personal jurisdiction over each defendant based on the long-arm statute of the state in which it sits.  *See* 31 U.S.C. § 3732(a); *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015).  New York's long-arm statute provides for general jurisdiction, *see* New York Civil Practice Law and Rules ("C.P.L.R.") § 301, which may arise from a foreign defendant's overall course of business in the state.  Such jurisdiction is proper when "a company has engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is warranted."  *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (cleaned up).  It also provides for specific jurisdiction, *see* C.P.L.R. § 302(a)(1), which may arise depending on the foreign defendant's contacts with the state in connection with the cause of action.

However, § 302(a)(1) permits personal jurisdiction under narrower conditions than does the Due Process Clause under the U.S. Constitution.  Thus, because "the Due Process Clause

permits the exercise of jurisdiction in a broader range of circumstances [than] N.Y. C.P.L.R. § 302, . . . a foreign defendant meeting the standards of § 302 will satisfy the due process standard." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008). Accordingly, if the Due Process Clause does not permit the exercise of jurisdiction, neither will C.P.L.R. § 302. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006) ("[T]he constitutional requirements of personal jurisdiction are satisfied because application of N.Y. C.P.L.R. § 302(a) meets due process requirements.").

### 3. Due Process

Once a *prima facie* showing of a statutory basis for jurisdiction has been made, the plaintiff must "demonstrate that the exercise of jurisdiction comports with due process." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81–82 (2d Cir. 2018); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The constitutional analysis under the Due Process Clause consists of two separate components: the "minimum contacts" inquiry and the "reasonableness" inquiry. *Licci*, 673 F.3d at 60 (citing *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010)).

The "minimum contacts" inquiry examines "whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Id.* The Court considers these contacts in totality, with the crucial question being whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" such that the defendant "should reasonably anticipate being haled into court there." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242–43 (2d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)).

To satisfy this minimum-contacts inquiry, the Court "recogniz[es] two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction exists when a defendant is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011). In "the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile. . . . And the 'equivalent' forums for a corporation are its place of incorporation and principal place of business." *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014)). Specific jurisdiction exists only if there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). For specific jurisdiction to exist, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.*, 141 S. Ct. at 1025 (cleaned up); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014).

The "reasonableness" inquiry examines "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60 (quoting *Int'l Shoe*, 326 U.S. at 216). The Court considers: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive

social policies." *Chloe*, 616 F.3d at 164–65 (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113–14 (1987)).

### B. Burden of Proof

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quotation omitted). Where, as here, jurisdictional discovery has not been conducted, to defeat a motion to dismiss, the plaintiff need only put forth "legally sufficient allegations of jurisdiction." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

## II. Discussion

At the threshold, the Court must determine whether it has personal jurisdiction over this action. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))). Lustour argues that plaintiffs have not shown that statutory personal jurisdiction exists and cannot demonstrate minimum contacts sufficient to establish either specific or general personal jurisdiction, and thereby to satisfy due process. *See In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673–74 (2d Cir. 2013).

The Court begins by determining whether personal jurisdiction exists under the Due Process Clause, because "the Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances" than C.P.L.R § 302, such that if there is no personal jurisdiction under the former, there also is none under the latter. *Energy Brands Inc*, 571 F. Supp. 2d at 469; *see D.H. Blair & Co.*, 462 F.3d at 105. Because the Court finds here that it lacks personal jurisdiction under the Due Process Clause, dismissal, without prejudice, is required.

### A. There Is No General Personal Jurisdiction Over Lustour

Vahan first claims that the Court has general personal jurisdiction over Lustour. But the SAC's allegations do not come close to so pleading. The SAC does not allege that Lustour's place of incorporation or principal place of business is in New York. Rather, it notes that Lustour is a Georgia corporation. *See* SAC ¶ 1. The SAC merely pleads that Lustour "conducts business in New York State, and . . . with New York State residents, businesses and/or jewelry stores." SAC ¶ 3. But, "aside from the truly exceptional case, a corporation is at home and subject to general jurisdiction only in its place of incorporation or principal place of business." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (quotations omitted). The SAC does not provide any allegations suggesting that this is such an exceptional case, or even close. *See Goodyear Dunlop Tires Operations*, 564 U.S. at 919.

The SAC gives only limited specifics to support its claims that Lustour "engaged in acts targeted at this District," "enter[ed] into agreements with residents of this State and District," and "conduct[ed] activities in this State and District," SAC ¶ 8. *See id.* ¶ 6 ("[Lustour] supplies, provides, solicits and/or wholesales jewelry products to West and Company Diamonds, located at 10 Genesee Street Auburn, New York."), ¶ 45 ("[Lustour] regularly does or solicits business

or engages in persistent course of conduct concerning sales or revenue generation, and derives revenue from goods used, solicited and sold in New York State."), ¶ 46 ("[Lustour] has continuously sold the Subject Designs to its customers and otherwise publicized the Subject Designs, including at but not limited to trade shows in New York *or* elsewhere." (emphasis added)), ¶ 47 ("[Lustour] participates in, solicits at, and/or attends jewelry tradeshows in New York.").² But a foreign corporation is subject to general jurisdiction in a state only if the "foreign corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 119. The SAC does not plead facts responsive to this standard. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) ("Even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum." (cleaned up)); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 630 (2d Cir. 2016) ("[G]iven that it is common for corporations to have presences in multiple states . . . general jurisdiction would be quite the *opposite* of 'exceptional' if such contacts were held sufficient to render the corporation 'at home' in the state.").

  Other than to conclusorily so state, however, Vahan fails to explain why Lustour is "at

---

² The SAC alleges that Vahan and Lustour "attend, advertise, market, distributed, participate, and solicit business at industry trade shows such as . . . the JA Show in New York." SAC ¶ 31. Lustour's counsel has, however, filed a declaration stating: "Lustour has never attended the JA Show in New York, nor has it ever sent any representatives to attend the JA Show in New York. Lustour has never had an exhibit at the JA Show in New York." Aiya Decl. ¶ 4. To determine jurisdictional issues the Court can look to evidence presented in an affidavit. *See Arseneault*, 2002 WL 472256, at *6. And, although Vahan's factual averments are presumed "true to the extent they are uncontroverted by the defendant's affidavits," *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quotations omitted), here the Aiya Declaration clearly controverts the SAC's factual averment as to the "JA Show." Vahan has failed to counter this declaration with any evidence supporting the SAC's claim regarding the "JA Show." The Court accordingly disregards that allegation.

home" in New York. That does not suffice. *See In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d at 673 (courts are not to resolve "argumentative inferences in the plaintiff's favor" nor "accept as true a legal conclusion couched as a factual allegation" (quotations omitted)).

### B. Specific Personal Jurisdiction

Vahan next argues that the Court has specific personal jurisdiction over Lustour. But the SAC does not adequately plead this, either.

For specific jurisdiction to exist, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.*, 141 S. Ct. at 1025 (cleaned up). Here, the issue as to specific jurisdiction is whether the contacts of Lustour in connection with its alleged infringement "create[d] a substantial connection with [New York]." *Walden*, 571 U.S. at 284; *see id.* (requiring "suit-related conduct [that] create[s] a substantial connection with the forum state"). A close review of the SAC, however, does not reveal sufficient "suit-related conduct" in New York to give rise to a substantial connection with this forum.

Vahan only makes vague statements attempting to link defendants' alleged infringement to New York. *See* SAC ¶ 8 ("many of the wrongful acts complained herein were targeted towards, occurred in, and involved this State and District"), ¶ 48 ("[Lustour's] Infringing Designs have been widely promoted, marketed, offered for sale, sold and distributed throughout the United States, including within this district and State."), ¶ 51 ("[Lustour] will continue to advertise, distribute, sell and/or offer for sale its unauthorized products in this judicial district and throughout the United States."). But, devoid of particulars, these conclusory statements must be set aside. The burden is plaintiff's to establish jurisdiction, and "allegations or evidence

of activity constituting the basis of jurisdiction must be non-conclusory and fact-specific." *Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 290 (S.D.N.Y. 2019); *see Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (noting need for "factual specificity necessary to confer jurisdiction").

The Court accordingly holds that it has neither general nor specific personal jurisdiction over Lustour. Despite an opportunity to amend so as to fortify their pleadings on this point, plaintiffs have not pled the "minimum contacts" necessary. *See Licci*, 673 F.3d at 60. And, because Vahan has failed to "establish[] a prima facie case that jurisdiction exists," the Court declines to order jurisdictional discovery. *See Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010) (summary order). The Court therefore must dismiss Vahan's claims pursuant to Rule 12(b)(2).

## CONCLUSION

For the foregoing reasons, the Court grants Lustour's motion to dismiss. The dismissal is without prejudice. The Clerk of Court is respectfully directed to terminate the motions pending at dockets 12 and 24 and to close this case.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　PAUL A. ENGELMAYER
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: August 13, 2021
　　　　New York, New York